**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| **MARSHA TWYMAN,** ) | |
| and ) | |
| **PEDRO GARCIA,** ) | |
|       Plaintiffs, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO: 2:08cv519** |
| ) | |
| **M. JOHN BERRY, Director,** ) | |
| United States Office of Personnel Management,[1] ) | |
| ) | |
| and ) | |
| ) | |
| **UNITED STATES OFFICE OF PERSONNEL** ) | |
| **MANAGEMENT,** ) | |
|       Defendants. ) | |

## ANSWER

Defendants M. John Berry, Director, United States Office of Personnel Management, and United States Office of Personnel Management, without waiving any other defense hereinafter asserted, answers the numbered paragraphs of the Complaint as follows:

1. Defendants deny the allegations of Paragraph 1 of the Complaint.

2. With regard to the allegations contained in Paragraph 2 of the Complaint: Defendants admit plaintiffs seek review of a decision of the Merit Systems Protection Board (MSPB), that plaintiffs' challenge their removal on both discrimination and non-discrimination grounds, and that such case is commonly referred to as a "mixed case."

---

[1] M. John Berry is the present Director of the Office of Personnel Management and is automatically substituted as the named defendant herein. Fed. R. Civ. P. 25(d).

3. Paragraph 3 contain plaintiffs' characterization of their non-discrimination claims; defendants deny plaintiffs are entitled to relief for the reasons stated.

4. With regard to the allegations contained in Paragraph 4 of the Complaint: Defendants admit plaintiffs' discrimination claims are entitled to *de novo* review, and that their non-discrimination claims are only entitled to a record review by the district court and based solely upon the administrative record of the MSPB.

5. With regard to the allegations contained in Paragraph 5 of the Complaint: Defendants admit the district court possess subject matter jurisdiction over plaintiffs' claims pursuant to 5 U.S.C. § 7703 and 42 U.S.C. § 2000e-16.

6. Defendants admit venue is proper in this Court as alleged in Paragraph 6 of the Complaint, but deny that plaintiffs' removal was unlawful or the result of unlawful discrimination.

7. Defendants admit the allegations of Paragraph 7 of the Complaint.

8. Defendants admit the allegations of Paragraph 8 of the Complaint.

9. Defendants deny the allegations of Paragraph 9 of the Complaint. M. John Berry is the director of the Office of Personnel Management, and is the appropriate defendant for plaintiffs' claims.

10. Defendants admit the allegations of Paragraph 10 of the Complaint, but deny the Office of Personnel Management is a proper defendant in this matter.

11. Defendants admit the allegations of Paragraph 11 of the Complaint.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore deny same.

13      Defendants deny the allegations of Paragraph 13 of the Complaint.

14.     With regard to the allegations contained in Paragraph 14 of the Complaint: Defendants admit that both plaintiffs were removed from federal service based on findings of unacceptable performance. Defendants deny the remaining allegations of Paragraph 14.

15.     Defendants admit the allegations of Paragraph 15 of the Complaint.

16.     With regard to the allegations contained in Paragraph 16 of the Complaint: Defendants admit that, during the administrative proceedings, the agency had the burden of proof with regard to plaintiffs' non-discrimination claims in accordance with applicable law. In this lawsuit, plaintiffs bear the burden of proof on both their non-discrimination and discrimination claims. The statutory and regulatory provisions cited by plaintiffs speak for themselves and no response is required.

17      Defendants deny the allegations of Paragraph 17 of the Complaint.

18      Defendants deny the allegations of Paragraph 18 of the Complaint.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore deny same.

20.     Defendants admit the first two sentences of Paragraph 20 of the Complaint and further admit that both plaintiffs were removed from federal service based on findings of unacceptable performance. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint, and therefore deny same. Defendants expressly deny that plaintiffs' removal from federal service was unlawful or the result of unlawful discrimination.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore deny same. Defendants expressly deny that plaintiffs' removal from federal service were unlawful or the result of unlawful discrimination.

22 Defendants deny the allegations of Paragraph 22 of the Complaint.

23 Defendants deny the allegations of Paragraph 23 of the Complaint.

24 Defendants deny the allegations of Paragraph 24 of the Complaint.

25 Defendants deny the allegations of Paragraph 25 of the Complaint.

26. Defendants deny the allegations of Paragraph 26 of the Complaint.

27. Defendants admit the allegations of Paragraph 27(a) of the Complaint, but deny the allegations of Paragraph 27(b) and (c) of the Complaint.

28. Defendants deny the allegations of Paragraph 28 of the Complaint.

*Count I*

29. Defendants incorporate by reference its responses to the foregoing in response to the allegations of Paragraph 29 of the Complaint.

30. Defendants deny the allegations of Paragraph 30 of the Complaint.

31. Defendants deny the allegations of Paragraph 31 of the Complaint. The allegations following Paragraph 31 constitute plaintiffs' Prayer for Relief as to Count I to which no response is required. To the extent that a response may be required, defendants assert that the decision of the MSPB was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; was not obtained without procedures required by law, rule, or regulation;

and is supported by substantial evidence, and, therefore, should be affirmed. Defendants therefore affirmatively assert that plaintiffs are not entitled to any relief with respect to Count I.

*Count II*

32. Defendants incorporate by reference it responses to the foregoing in response to the allegations of Paragraph 32 of the Complaint.

33. Defendants deny the allegations of Paragraph 33 of the Complaint.

34. Defendants deny the allegations of Paragraph 34 of the Complaint.

35. Defendants deny the allegations of Paragraph 35 of the Complaint. The allegations following Paragraph 35 constitute plaintiffs' Prayer for Relief as to Count II to which no response is required. To the extent that a response may be required, defendants deny that plaintiffs' termination was the result of unlawful discrimination or that plaintiffs are entitled to any relief with respect to Count II.

Each and every allegation contained in the Complaint that is not specifically admitted is denied. Defendants further expressly deny that plaintiffs are entitled to any relief.

Without waiving, limiting, modifying, or amending the foregoing, defendants assert the following additional and affirmative defenses, in the alternative where appropriate, and to the extent discovery and the evidence so indicate.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The decision of the Merit Systems Protection Board finding that plaintiffs' removal from federal service for unacceptable performance was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; was not obtained without procedures required by law, rule, or regulation; and is supported by substantial evidence.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff Twyman was not the victim of unlawful discrimination as alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff Garcia was not the victim of unlawful discrimination as alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff Twyman cannot establish a prima facie case of discrimination as alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff Garcia cannot establish a prima facie case of discrimination as alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants have legitimate non-discriminatory reasons for the conduct alleged in the Complaint to be discriminatory as to plaintiff Twyman.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants have legitimate non-discriminatory reasons for the conduct alleged in the Complaint to be discriminatory as to plaintiff Garcia.

NINTH AFFIRMATIVE DEFENSE

Plaintiffs' relief, if any, with respect to their challenge to the decision of the Merit Systems Protection Board is limited to setting aside of that decision and remand.

TENTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery in their discrimination claims, if any, is limited to the damages recoverable under federal law, and Title VII.

ELEVENTH AFFIRMATIVE DEFENSE

To the extent discovery and the evidence so indicate, defendants will rely upon any other applicable affirmative defenses and all defenses available by law, including, but not limited to: failure to exhaust administrative remedies; and failure to mitigate damages.

PLAINTIFFS' DEMAND FOR A JURY

Defendants deny that the plaintiffs have a right to a jury trial upon any non-discrimination claim alleged in the Complaint.

Wherefore, defendants pray that plaintiffs take nothing, that judgment be rendered in favor of defendants for its costs incurred, and for such other and further relief as this Court may deem just.

Respectfully submitted,

M. JOHN BERRY, Director
United States Office of Personnel Management

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT
Defendants

DANA J. BOENTE

           Acting United States Attorney

By:   //s//
      Kent P. Porter
      Assistant United States Attorney
      Virginia State Bar No. 22853
      Attorney for Federal Defendants
      8000 World Trade Center
      101 West Main Street
      Norfolk, Virginia 23510
      Phone: 757.441.6331
      FAX: 757.441.6689
      EMAIL: Kent.Porter@usdoj.gov

## CERTIFICATE OF SERVICE

 I hereby certify that, on the 21st day of April, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following filing user(s):

James H. Shoemaker, Jr., VSB #33148
Veronica Meade-Sheppard , VSB #66727
Patten, Wornom, Hatten & Diamonstein, LLC
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Phone: 757.223-4580
FAX: 757.223-4518
EMAIL: jshoemaker@pwhd.com
   vsheppard@pwhd.com


      /s/
      Kent P. Porter
      Assistant United States Attorney
      Virginia State Bar No. 22853
      Attorney for Federal Defendants
      United States Attorney's Office
      101 West Main Street, Suite 8000
      Norfolk, VA 23510
      757- 441-6331 Office
      757-441-6689 Fax
      Kent.Porter@usdoj.gov